[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10420

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DARIO PINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:15-cr-20184-CMA-1

_____

Before JILL PRYOR, BRASHER, and MARCUS, Circuit Judges.

PER CURIAM:

Dario Pinson, proceeding *pro se*, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act.[1] On appeal, Pinson argues that the district court did not provide a sufficient basis for its denial of his motion, show that it properly weighed the 18 U.S.C. § 3553(a) factors, or respond to all of his arguments. After careful review, we affirm.

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). Abuse of discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come to a different conclusion." *Id.* at 912 (quotations omitted). A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015). A district court may reduce a term of imprisonment under

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018).

§ 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (quotations omitted). The district court may consider these factors in any order, and the absence of any of the three forecloses a sentence reduction. *See id.* at 1237–38. "A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review. This standard of review, though, does afford district courts a range of choice, and we cannot reverse just because we might have come to a different conclusion." *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021) (quotations and citation omitted).

The relevant policy statement for a sentence reduction under § 3582(c)(1)(A) provides that the district court may grant a defendant's motion for compassionate release "if, after considering the factors set forth in . . . § 3553(a)," the court determines that, among other things, "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a). Section 3142(g) states that, to reasonably assure the safety of any other person and the community, a court should consider: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their criminal history; and (4) the nature and seriousness of the

danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

Factors under § 3553(a) that the district court may consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's crimes, and adequate deterrence.  *Id.* § 3553(a).  The court need not address each § 3553(a) factor nor all of the mitigating evidence.  *Tinker*, 14 F.4th at 1241.  An acknowledgment that the court considered all applicable § 3553(a) factors along with "enough analysis that meaningful appellate review of the factors' application can take place" is sufficient.  *Id.* at 1240–41 (quotations omitted).  The weight given to any § 3553(a) factor is committed to the discretion of the district court.  *Id.* at 1241.

Here, the district court did not abuse its discretion in denying Pinson's motion for compassionate release.  While the district court's instant order was a paperless order, it specifically referenced a recent order from 2021, which had denied Pinson's first motion for compassionate release after conducting a thorough analysis.  Indeed, as a panel of this Court observed in affirming the district court's 2021 order, that order addressed a range of § 3553(a) factors; it described in detail specific, relevant factors as they applied to Pinson's case; and, among other things, it determined, based on Pinson's criminal and disciplinary history and offense conduct, that Pinson's release may endanger the community.  *See United States v. Pinson*, No. 21-10721 (11th Cir. June 3, 2022) (unpublished).  After

referencing the 2021 order, the district court's instant order added that the reasons in the previous order "remain[ed] valid today" and that Pinson "continues to pose a danger to the safety of the community." The instant order also acknowledged Pinson's argument that an intervening change in the law could constitute an extraordinary and compelling circumstance, and determined that even if changes in the law had done so, "in Defendant's case they do not override consideration of the section 3553(a) factors and the Court's finding that Defendant continues to pose a danger to the safety of the community." These explanations were more than sufficient for us to conduct meaningful appellate review. *Giron*, 15 F.4th at 1345.

As for Pinson's claim that the district court's instant order did not address his mitigation arguments concerning his rehabilitation efforts while incarcerated or his argument that he could not endanger the community while still incarcerated, the district court's 2021 order -- which, as we've noted, was referenced by the district court here -- acknowledged, and rejected, similar arguments from Pinson. Regardless, the district court was not required to directly address each of Pinson's mitigation arguments. *Tinker*, 14 F.4th at 1241.

In short, the district court did not abuse its discretion in denying Pinson's motion for compassionate release based on its assessment that the § 3553(a) factors and the risk of danger to the community still weighed against an expedited release. Moreover, because these bases for denial are dispositive, we need not reach

Pinson's other arguments concerning whether consideration of his health qualified as an "extraordinary and compelling" reason for his release.  *Tinker*, 14 F.4th at 1237–38.

**AFFIRMED.**